UNITED STATES DISTRICT COURT CA 07 118ML

FOR THE

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>MAR-AL ENTERPRISES, INCORPORTED and<br>CHARLES D. ANTHONY, INDIVIDUALLY,<br><br>Defendants. | CIVIL ACTION<br><br>FILE NO. |

COMPLAINT

(1) This action is brought under the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801, et seq. (hereinafter referred to as the "Act").

(2) Jurisdiction is founded upon § 108 (a) (1)(A) and 110 (j) of the Act, 30 U.S.C. §§ 818 (a)(1)(A), 820(j).

(3) Section 108(a)(1)(A) authorizes the Plaintiff to bring an action in the United States District Court for the district in which a mine operator has its principal office seeking an injunction against a mine operator that violates or refuses to comply with any order or decision issued under the Act.

(4) Section 110(j) authorizes the United States to bring an action to recover unpaid civil penalties by bringing an action in the district court for the district where a mine operator has its principal office.

(5) Defendant Mar-El Enterprises, Inc. is a Rhode Island corporation having a principal office at 306 Town Farm Road in Coventry, Rhode Island.

(6) Mar-Al Enterprises, Inc. is the successor to General Road Trucking, Inc., a defunct Rhode Island entity whose corporate status was revoked by the State in November of 1998.

(7) At all relevant times Mar-Al Enterprises, Inc. or its predecessor General Road Trucking, Inc. operated sand and gravel mines, as the term "mine" is defined in §3(h)(1) of the Act, located in Coventry, Rhode Island and Seekonk, Massachusetts and each was a mine operator, as the term "operator" is defined in §3(d) of the Act, 30 U.S.C. §§ 802(h)(1), 802(d).

(8) Defendant Charles D. Anthony was an agent of General Road Trucking, Inc. before it lost its status as a corporation, a mine operator after the loss, and is the president of Mar-Al Enterprises, Inc. He was and is a mine operator under as the term "operator" is defined in §3(d) of the Act.

(9) Charles D. Anthony lives at 306 Town Farm Road in Coventry, Rhode Island.

(10) The minerals produced by the Defendants, entered commerce or the operation or products of said mine affected commerce within the meaning of §4 of the Mine Act, 30 U.S.C. §803.

(11) During the period 1998 to the present, the Defendants failed to contest and failed to pay the civil money penalty assessments levied against them. During the period from the present date to five years previous, the Defendants have failed to pay final orders of the Federal Mine Safety and Health Review Commission totaling over $17,964.00 in civil penalties assessed for violations of the Act.

(12) The Plaintiff enforces the Act by citing violations and issuing proposed civil penalties.

(13) A mine operator may contest a proposed penalty, but if it fails to do so the penalty becomes a final order of the Federal Mine Safety and Health Review Commission pursuant to §105(a) of the Act, and that the order cannot be reviewed by "any court or agency". 30 U.S.C. 815(A).

(14) The failure of Defendants to pay the civil money penalties impairs the effective enforcement of the Mine Act.

(15) Plaintiff has no adequate remedy at law. Piecemeal collection actions are ineffective and cause delays and docket crowding. Accordingly, the only adequate remedy is an injunction requiring the Defendants to pay the civil money penalties due and to pay all future penalties that become final orders, and a judgment ordering the Defendants to pay the penalties owed.

WHEREFORE, Plaintiff respectfully requests that Defendants, their agents, employees and all persons in active concert or participation with them be permanently enjoined as follows:

1. From violating, failing or refusing to comply with any final orders or decisions issued under the Mine Act, including failing to pay civil money penalties for violations of the Mine Act and its standards;

2. For such other equitable relief as the Court may deem just and proper; and

3. That the Court enter judgment for the Plaintiff for the amount of penalties due.

Jonathan L. Snare
Acting Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

David L. Baskin
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Regional Solicitor
JFK Federal Building - Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142